UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In Re:

Case No. 14-01520

Leslie Fernandez                                     Chapter 7
a/k/a Leslie Fernandez-Lopez                         Hon. Scott W. Dales

      Debtor.

_____

LESLIE FERNANDEZ,                                    Adv. Pro. No. 20-80069

      Plaintiff,

v.

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2006-2, a Delaware Statutory Trust,
SHERMETA LAW GROUP, PLLC, and
TRICIA N. McKINNON,

      Defendants.

_____

**<u>BRIEF IN SUPPORT OF</u>**
**<u>DEFENDANTS SHERMETA LAW GROUP, PLLC AND TRICIA N. MCKINNON'S</u>**
**<u>MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56</u>**

## **<u>TABLE OF CONTENTS</u>**

**Page(s)**

TABLE OF CONTENTS..................................................................................................ii

INDEX OF AUTHORITIES ..........................................................................................iii

STATEMENT OF ISSUE PRESENTED.......................................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ....................................v

    I.      INTRODUCTION....................................................................................1

    II.     STATEMENT OF FACTS .....................................................................1

          A.    Plaintiff's Student Loan Debt...................................................1

          B.    Lawsuit to Collect the Student Loan Debt. ..............................2

          C.    Fernandez's Chapter 7 Bankruptcy Case. ................................3

          D.    Shermeta Reopens the Prior Lawsuit to Collect the Debt. ......4

          E.    The Instant Case.......................................................................5

    III.    STANDARD OF REVIEW......................................................................6

    IV.    ARGUMENT ..........................................................................................6

    IV.    CONCLUSION .....................................................................................11

## <u>INDEX OF AUTHORITIES</u>

**Page(s)**

**<u>CASES</u>**

*Adickes v. S.H. Kress & Co.*,
  398 U.S. 144 (1970) ...................................................................................... 6

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ...................................................................................... 6

*Duchon v. Cajon Co.*,
  791 F.2d 43 (6th Cir. 1986) ........................................................................... 6

In re Hazelton,
  622 B.R. 354 (Bankr. W.D. Wis. 2020) ..................................................... 8, 9

*In re Taggart*,
  980 F.3d 1340 (9th Cir. 2020) ........................................................................ 8

*In re Ybarra*,
  424 F.3d 1018 (9th Cir. 2005) ........................................................................ 8

*Lenz v. Erdmann Corp.*,
  773 F.2d 62 (6th Cir. 1985) ............................................................................ 6

*Mathieu v. Chun*,
  828 F. Supp. 495 (E.D. Mich. 1993) .............................................................. 6

*Siegel v. Fed. Home Loan Mortg. Corp.*,
  143 F.3d 525 (9th Cir. 1998) .......................................................................... 8

Taggart v. Lorenzen,
  139 S. Ct. 1795 (2019) ...................................................................... 7, 9, 10, 11

**<u>RULES</u>**

Federal Rule of Civil Procedure 56 ................................................................. 1, 6

Federal Rule of Civil Procedure 56(a) ................................................................. 6

MCR 2.116(C)(10) ............................................................................................... 2

MCR 2.116(C)(9) ................................................................................................. 2

**<u>STATUTES</u>**

11 U.S.C. § 523 .................................................................................................... 3

11 U.S.C. § 523(a)(8) ........................................................................................ 5, 9

11 U.S.C. § 523(a)(8)(A) ..................................................................................... 3

11 U.S.C. § 523(a)(8)(B) ..................................................................................... 3

11 U.S.C. § 524 ................................................................................................ 6, 8

26 U.S.C. § 221(d) ............................................................................................... 3

## <u>STATEMENT OF ISSUE PRESENTED</u>

1.    Should the Court dismiss Plaintiff's claims because Defendants' efforts to collect Plaintiff's student loan debt were objectively reasonable where Plaintiff's student loan debt had not been discharged in bankruptcy proceedings, the discharge order said explicitly most student loan debt is non-dischargeable, Plaintiff did not seek a determination of dischargeability of the student loan debt during the proceedings, Plaintiff never objected to writs of garnishment, Plaintiff entered into an installment agreement to pay the student loan subsequent to the bankruptcy proceedings, Plaintiff never informed Defendants that she believed that her student loan debt had been discharged by the bankruptcy court's discharge order, and another court found the exact same debt had not been discharged against the co-signor of the student debt in his bankruptcy proceedings?

Defendants Shermeta Law Group, PLLC and Tricia N. McKinnon answer: "Yes."

## <ins>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</ins>

*Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019)

*In re Hazelton*, 622 B.R. 354 (Bankr. W.D. Wis. 2020)

## I.    INTRODUCTION

Plaintiff, Leslie Fernandez ("Fernandez"), is seeking sanctions against Defendants Shermeta Law Group, PLLC ("Shermeta"), and Tricia N. McKinnon ("McKinnon") for allegedly violating a bankruptcy discharge order. Fernandez took out a student loan in 2006. She failed to meet her loan obligations and, therefore, Shermeta filed a complaint on behalf of the lender in the Ingham County Circuit Court. Fernandez failed to answer the complaint, and Shermeta secured a default judgment against Fernandez. Nine months later, Fernandez filed a Chapter 7 bankruptcy action, which listed the student loan debt on Schedule F.

The Court discharged Fernandez's debts in August 2014. After this Court discharged Fernandez's debt, because her student loan was not discharged under the Court's order, Shermeta began collecting on the default judgment. Fernandez subsequently filed this action seeking sanctions against Shermeta and McKinnon for violating the bankruptcy discharge order. However, the Supreme Court has made clear that sanctions are not warranted where the debt collector's actions were objectively reasonable. Because there can be no dispute that Shermeta and McKinnon's debt collection efforts were objectively reasonable, this Court should dismiss with prejudice the claims against Shermeta and McKinnon pursuant to Fed. R. Civ. P. 56.

## II.    STATEMENT OF FACTS

### A.    Plaintiff's Student Loan Debt.

On March 19, 2006, Fernandez borrowed $26,890.00 from JP Morgan Chase Bank, N.A., as a private education loan (the "Debt"), which was eventually assigned to National Collegiate Student Loan Trust 2006-2 ("NCSLT") in the normal course of business.  (ECF No. 9, ¶ 16).[1]

---

[1] Because the headers in the ECF documents do not have PageID Numbers, the undersigned was unable to comply with L.R. 10.9.

1

Fernandez and her cosigner, Rogelio Fernandez Banos ("Banos"), both signed a Note Disclosure Statement that provides, in bold typeface, the following:

> **I acknowledge that the requested loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by the Education Resources Institute, Inc. ("TERI"), a non-profit institution.**

(Ex. A at 3 of 4).

Between August 2006 and December 2006, Fernandez attended Owens Community College in Ohio. (ECF No. 9, ¶ 12). Owens Community College is a Title IV institution recognized by the Department of Education under the Higher Education Act. (ECF No. 9, ¶ 13). According to Fernandez, her Fall 2006 academic term cost of attendance was $7,467.00. (ECF No. 9, ¶ 14).

### B.    Lawsuit to Collect the Student Loan Debt.

Because no payments were made on the loan, on or about February 11, 2013, Shermeta, on behalf of NCSLT, filed a Complaint against Fernandez and Banos to collect the Debt in the Ingham County Circuit Court, that being case number 13-183-CK. (ECF No. 9, ¶ 19; Ex. B). The Complaint alleged, among other things, that NCSLT and Fernandez and Banos entered a contract for "A STUDENT LOAN with account number *****4463/011-001000." (Ex. B, ¶ 2). Banos responded to the Complaint, but Fernandez failed to respond.

On June 11, 2013, the Ingham County Circuit Court issued a default judgment in favor of NCSLT and against Fernandez in the amount of $44,471.19, plus interest. (ECF No. 9, ¶ 20; Ex. C).

On August 2, 2013, Shermeta filed a Motion for Summary Disposition Pursuant to MCR 2.116(C)(9) and MCR 2.116(C)(10) as to Banos. (Ex. D). According to Shermeta's Motion, Banos admitted the allegations in the Complaint, but he claimed that the Debt was discharged in

2

his Chapter 7 Bankruptcy filed in 2009 and which was discharged in 2010.  (Ex. D, ¶ 14).

Shermeta also noted that Banos cited his financial hardship as a reason he failed to pay the Debt.

(Ex. D, ¶ 11). In response, Shermeta argued that the Debt was a qualified education loan under 26

U.S.C. § 221(d) and, therefore, in the category of debts that cannot be discharged pursuant to 11

U.S.C. § 523(a)(8)(A) and (B).  (Ex. D, ¶ 18-19).  Shermeta also argued that even the discharge

order itself states that not all debts may be discharged pursuant to 11 U.S.C. § 523 and that just

because Banos listed the Debt on Schedule F – Creditors Holding Unsecured Nonpriority Claims

-- does not mean that the Debt was automatically discharged. (Ex. D, ¶ 23). Shermeta further

argued that Banos never filed an adversary proceeding to qualify for "undue hardship" as set forth

in 11 U.S.C. § 523 to bypass the exception to discharge. (Ex. D, ¶ 26).

On September 11, 2013, the Ingham County Circuit Court granted Shermeta's Motion and

awarded summary disposition in favor of NCSLT on the Debt and entered a judgment against

Banos for $44,436.19. (Ex. E).

### C.    Fernandez's Chapter 7 Bankruptcy Case.

On March 10, 2014, Fernandez filed for Chapter 7 Bankruptcy in this Court, that being

Case No. 14-01520, *In re Leslie Fernandez*.  (ECF No. 9, ¶ 20).  Fernandez listed the Debt on her

Schedule F – Creditors Holding Unsecured Nonpriority Claims as "Judgment (Student Loan

Obligation)" in the amount of $44,471.19.

On April 10, 2014, the state court clerk entered an Order for Administrative Closing Due

to Bankruptcy Stay as to Leslie Fernandez.  (ECF No. 9, ¶ 22).

On August 4, 2014, this Court entered a Discharge of Debtor.  (ECF No. 9, ¶ 23, Ex. F).

The Discharge of Debtor includes a section titled, "Debts that are Not Discharged," and includes

under that title, "d. Debts for most student loans."  *Id*.  Fernandez admitted that she did not

challenge the non-dischargeability of the loan during the bankruptcy proceedings.  Fernandez RFA

No. 17 (Ex. G).  And she testified that she understood "that most student loans are not discharged in bankruptcy."  Fernandez Dep. Tr. at 38:14-16 (Ex. H).

**D.     Shermeta Reopens the Prior Lawsuit to Collect the Debt.**

On August 4, 2016, Shermeta filed a Motion and Order Reopening Case After Bankruptcy in the state court, which the court signed on April 4 ,2016.  (ECF No. 9, ¶ 28).

On October 26, 2016, Shermeta issued a Writ for Garnishment (Non-Periodic) directed to Garnishee, Michigan Department of Treasury, seeking to intercept any 2016 income tax refund to Fernandez.  (ECF No. 9, ¶ 29).  Fernandez did not object to the garnishment.  Fernandez Dep. Tr. at 51:3-12.

On August 22, 2017, Shermeta issued a Writ for Garnishment (Periodic) directed to Garnishee, Vetafore, seeking to intercept Fernandez's wages.  (ECF No. 9, ¶ 30).  Fernandez did not object.  Fernandez Dep. Tr. at 51:3-12.

On October 15, 2018, Shermeta issued a Writ for Garnishment (Non-Periodic) directed to Garnishee, Michigan Department of Treasury, seeking to intercept any 2018 income tax refund to Fernandez.  (ECF No. 9, ¶ 31). Fernandez did not object.  Fernandez Dep. Tr. at 51:3-12.

On January 2, 2020, Shermeta issued a Writ for Garnishment (Periodic) directed to Garnishee, Michigan State University, seeking to intercept Fernandez's wages.  (ECF No. 9, ¶ 32). On February 3, 2020, Fernandez filed a Motion and Affidavit for Installment Payments with the state court, because she claimed the wage garnishment was too high for her to pay her regular bills. (ECF No. 9, ¶ 33; Ex. I).

On March 2, 2020, Shermeta, on behalf of NCSLT, filed Objections to Fernandez's Motion and Affidavit for Installment Payments.  (ECF No. 9, ¶ 34).

On May 6, 2020, Fernandez agreed to make payments despite her alleged belief that the debt was discharged in 2014, allegedly so that she could pursue this case and be able to pay her

regular bills. (ECF No. 9, ¶ 35). However, Fernandez testified that she never contacted anyone at Shermeta to inform them that she believed the debt had been discharged. Fernandez Dep. Tr. at 50:7-17.

**E.    The Instant Case.**

On July 27, 2020, Fernandez filed a First Amended Complaint to Determine Dischargeability of Education Loans Under 11 U.S.C. § 523(a)(8). (ECF No. 9). Fernandez seeks a declaration that the Debt is not a non-dischargeable student loan or qualified education loan under 11 U.S.C. § 523(a)(8) and was, therefore, discharged upon entry of the Discharge of Debtor. (ECF No. 9 ¶ 39). Just like Banos in the Ingham County action, Fernandez asserts that because she borrowed $25,278.00 in a "private education loan," it was subject to the bankruptcy discharge order. Fernandez Dep. Tr. at 17:1-4 (Ex. H).

Despite her belief that the loan had been discharged, Fernandez testified that she knew the loan was an educational loan. *Id*. at 17:24-18:3. She acknowledged that she agreed to the following language in the loan agreement:

> I acknowledge that the requested loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resource Institute, TERI, T-E-R-I, a nonprofit institution.

*Id.* at 23:16-24:3. She disputed whether TERI is a nonprofit institution, but she admitted that she had no proof to support such an assertion one way or the other. *Id.* at 24:4-16. And she conceded that, apart from some money she gave to her father, the money was spent on educational expenses, e.g., rent, clothes, computer, etc. *Id*. at 28:2-29:18.

As set forth below, even if the educational loan was discharged, which it was not, Shermeta had an objectively reasonable belief that the loan *had not* been discharged by this Court. Because of Shermeta's objectively reasonable belief that the loan had not been discharged, it is not subject

5

to sanctions. For these reasons, the Court should dismiss Fernandez's First Amended Complaint pursuant to Fed. R. Civ. P. 56.

## III.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine dispute as to any material fact.  Fed. R. Civ. P. 56(a).  The Supreme Court has interpreted this to mean that the Court should grant summary judgment if the evidence is such that a reasonable jury could find only for the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62, 63 (6th Cir. 1985).  In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See, Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986).

To identify a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact.  "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (internal citations omitted).  Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993).

## IV.   ARGUMENT

Fernandez filed this action against Shermeta and McKinnon (collectively "Defendants") alleging that they violated 11 U.S.C. § 524 when they attempted to collect on the Debt.  (ECF 9, ¶ 43).  Fernandez asks the Court to find Defendants in civil contempt for the willful violations of the discharge order.  *Id.* ¶ 44.  Defendants' actions are not sanctionable, however, because they had an objectively reasonable basis for concluding that their debt collection efforts were lawful.

6

The U.S. Supreme Court set forth a clear standard for awarding sanctions for violation of a discharge order.  *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019).  The unanimous holding is as follows: "A court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct." (emphasis in the original).  Fernandez fails to meet this standard and her claim seeking sanctions against Defendants should be dismissed with prejudice.

In T*aggart*, the Court addressed "the criteria for determining when a court may hold a creditor in civil contempt for attempting to collect a debt that a discharge order has immunized from collection."  *Id.* at 1799.  The bankruptcy court essentially applied a "strict liability" standard, finding the creditor in contempt irrespective of its beliefs that its actions were lawful.  *Id.*  The Ninth Circuit reversed and applied a subjective "good faith belief" standard, regardless of the reasonableness of that belief.  *Id.*  The Supreme Court struck a balance between the two and applied an "objectively reasonable" standard stating:

> We conclude that neither a standard akin to strict liability nor a purely subjective standard is appropriate. Rather, in our view, a court may hold a creditor in civil contempt for violating a discharge order if there is no fair ground of doubt as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful.

*Id.*

In *Taggart*, the conflict began when the creditor filed a lawsuit against the debtor for breach of contract.  *Id.*  Before trial, debtor filed a Chapter 7 bankruptcy.  *Id.*  Debtor received a simple discharge.  *Id.* at 1800.  The creditor thereafter obtained judgment on the pre-petition lawsuit and filed a petition for attorneys' fees incurred *after* debtor filed his bankruptcy petition.  *Id.*  The debtor filed a Motion for Sanctions for violation of the discharge order in bankruptcy court.  *Id.*

The creditor argued it did not violate the discharge order because the debtor "returned to the fray" exposing himself to post-petition contractual liability. *Id.*[2] Ultimately, the Court found the debtor did not "return to the fray," the post-petition attorney's fees were discharged, and the creditor's attempt to collect them constituted a violation of the discharge order. *Id.* The bankruptcy court held that the creditor's subjective intent, i.e., its belief that the debt was not discharged, was irrelevant and held it in contempt. *Id.* The Bankruptcy Appellate Panel ("BAP") vacated the order, finding that the creditor had a good faith belief that the debt was not discharged. *Id.* The Ninth Circuit affirmed. *Id.* Importantly, the BAP found contempt was inappropriate so long as the creditor had a good faith belief that the debt was not discharged, even if that belief was unreasonable. *Id.* at 1801. The Supreme Court conducted a detailed analysis of the discharge order under 11 U.S.C. § 524 and a court's contempt powers, and issued the holding stated above. *Id.* at 1802 ("Under the fair ground of doubt standard, civil contempt therefore may be appropriate when the creditor violates a discharge order based on an objectively unreasonable understanding of the discharge order or the statutes that govern its scope."). *Id.* at 1802.[3]

In a similar case to the one at hand, the Bankruptcy Court for the Western District of Wisconsin denied a motion for sanctions against a student loan creditor. *In re Hazelton*, 622 B.R. 354 (Bankr. W.D. Wis. 2020). In *Hazelton*, the debtors filed a Chapter 7 in 2016 and received a discharge that year. *Id.* Post discharge, the creditor, a state entity, seized the debtor's state tax

---

[2] If a debtor voluntarily initiates a new course of litigation post-petition to enforce a contract he has been freed from by virtue of the bankruptcy, he has chosen to "return to the fray" by using the contract as a sword and, therefore, it is "perfectly just, and within the purpose of bankruptcy, to allow the same weapon to be used against him." *In re Ybarra*, 424 F.3d 1018, 1023 (9th Cir. 2005); *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir. 1998). Put another way, if a debtor chooses not to let sleeping dogs lie, he cannot complain if he gets bit.

[3] On remand, the Ninth Circuit affirmed, finding the creditor's belief that the debtor had "returned to the fray" such that post-petition attorney's fees were not discharged was objectively reasonable. *In re Taggart*, 980 F.3d 1340, 1350 (9th Cir. 2020).

refund. *Id.* Debtors filed a motion for sanctions. *Id.* While the Bankruptcy Court initially found the unpaid tuition was not discharged because it qualified as a "loan" under 11 U.S.C. § 523(a)(8), the District Court reversed. *Id.* On remand, the Bankruptcy Court was faced with the question of whether sanctions should be awarded for a violation of the discharge order. *Id.*

The bankruptcy court began its analysis by recognizing student loans under § 523(a)(8) are *per se* non-dischargeable. *Id.* It found that the limited record before it presented evidence that "appears to be a matter of reasonable minds coming to different conclusions." *Id.* In pertinent part, the court stated the following:

> [D]amages from the violation of a discharge injunction are only recoverable if civil contempt standards are met. This includes the sanctions analysis under *Taggart*. There is no exception in the Code to the requirements of *Taggart*.
>
> Under *Taggart*, imposition of sanctions requires more than a willful violation. This means that recovery of damages is not automatic upon a finding that the discharge injunction has been willfully violated. As a result, Debtors are not entitled to a return of their tax refund solely based upon a finding that the discharge injunction was violated.
> . . .
>
> [A]fter *Taggart* a finding that the discharge injunction was violated does not *ipso facto* lead to an award of sanctions.

*Id.* at 364.

Like *Taggart* and *Hazelton*, sanctions are not appropriate in this action.

Defendants had an objectively reasonable belief that their debt collection efforts were lawful. Here, unlike *Taggart* or *Hazelton*, there has never been an explicit determination that the Debt was discharged in Fernandez's bankruptcy proceeding. Fernandez's discharge order does not specify which of her debts are non-dischargeable. *See* (Ex. D). The order merely lists common types of debts which are not discharged, *including most student loan debts. Id.* at 2. Fernandez testified that she understood that most student loans are not dischargeable in bankruptcy.

Nonetheless, Fernandez did not seek a determination of dischargeability in the bankruptcy action. She did not object to the writs of garnishment. And she never contacted anyone at Shermeta to inform them that she believed the Debt had been discharged.

Additionally, Defendants had an objectively reasonable belief that their debt collection efforts were lawful because another court rejected the argument that the Debt was discharged by a prior bankruptcy discharge order.  In February 2013, NCSLT filed a debt collection action against Fernandez and Banos seeking to recover the Debt. The court entered a default judgment against Fernandez. With respect to Banos, NCSLT filed a motion for summary disposition. Banos, like Fernandez in this case, argued that the Debt had been discharged in an earlier bankruptcy discharge order. And, like here, his discharge order noted types of debts which <u>are</u> not discharged, *including most student loan debts*.  The court granted the motion and awarded summary disposition in favor of NCSLT on the Debt and entered a judgment against Banos for $44,436.19. (Ex. E). Because a court rejected Banos' argument that the Debt had been discharged in his bankruptcy discharge order, Defendants' debt collection efforts against Fernandez were objectively reasonable. Defendants had no indication the Debt might have been discharged in Fernandez's bankruptcy case. To the contrary, every indication suggested the Debt had not been discharged and that it remained outstanding.

Based on the undisputed facts, there can be no finding of civil contempt against Defendants because there is fair ground of doubt as to whether the discharge order barred their conduct. *Taggart*, 139 S. Ct. at 1799.  Their debt collection actions were objectively reasonable where the discharge order states explicitly that most student loan debt is non-dischargeable, Fernandez did not seek a determination of dischargeability with respect to the Debt, she entered into an installment agreement to pay the Debt, she never informed Defendants of her belief that the Debt

had been discharged, and another court ruled in NCSLT's favor over Banos' argument that the Debt had been discharged in his bankruptcy proceeding.

For the reasons stated above, Defendants' belief that Fernandez's loan was not discharged by her bankruptcy discharge order was, by any analysis, objectionably reasonable under *Taggart*. Fernandez has not produced any evidence that would require a jury to resolve a disputed fact with respect to Defendants' objectively reasonable actions to collect on the Debt. Therefore, the Court should grant Defendants' motion for summary judgment and dismiss this action with prejudice.

## IV.    CONCLUSION

Defendants, Shermeta Law Group, PLLC and Tricia N. McKinnon, move this Honorable Court to dismiss the claims against them in Plaintiff's First Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 56, and seek all other relief as is just and proper.

Respectfully submitted,

PLUNKETT COONEY

BY:    */s/ David A. Lerner*
        David A. Lerner (P44829)
        Jeffrey S. Hengeveld (P66029)
        Attorneys for Defendants Shermeta Law
        Group, PLLC and McKinnon, only
        38505 Woodward Avenue, Suite 100
        Bloomfield Hills, Michigan 48304
        (248) 594-8202
        dlerner@plunkettcooney.com
        jhengeveld@plunkettcooney.com

Dated:  October 8, 2021

Certificate of Compliance:  The above brief was composed using Microsoft Word 2008 and it contains 3,435 words as defined by LCivR 7.2(b)(i).

Open.21422.04011.27323066-1

11